The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

ARYASP NEJAT,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 2:24-cv-01554-BJR

**DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant DELTA AIR LINES, INC. ("Defendant"), by and through its counsel of record, hereby answers the Complaint ("Complaint") filed by Plaintiff ARYASP NEJAT ("Plaintiff") and responds to the correspondingly numbered paragraphs as follows:

## I. INTRODUCTION

1.    Paragraph 1 contains statements identifying Plaintiff's causes of action and requested relief, and thus, no response is required from Defendant. To the extent a response is required, Defendant denies that its actions were unlawful in any manner and denies Plaintiff is entitled to any requested relief.

## II. JURISDICTION AND VENUE

2.    Paragraph 2 is a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant does not dispute the Court's jurisdiction.

3.    Paragraph 3 is a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant does not dispute the Court's jurisdiction.

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 1
CASE NO. 2:24-CV-01554-BJR

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

4.       Paragraph 4 is a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant does not dispute the Court's jurisdiction.

5.       Paragraph 5 contains legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant does not dispute personal jurisdiction.

6.       Answering Paragraph 6, Defendant admits the EEOC's Notice of Right to Sue Letter is dated July 2, 2024. As to the remaining allegations, Defendant is without sufficient information to admit or deny, and therefore denies the same.

7.       Paragraph 7 contains legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant does not dispute that venue is proper in the United States District Court for the Western District of Washington, and Defendant denies that it acted unlawfully in any manner.

### III.  PARTIES

8.       Answering Paragraph 8, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's citizenship and location of residence, and therefore denies the same. Delta admits Plaintiff worked for Delta from May 1, 2023, until August 17, 2024. Delta admits Plaintiff completed his flight attendant training in June 2023 and was subsequently based at SeaTac airport.

9.       Paragraph 9 contains legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies.

10.      Answering Paragraph 10, Defendant admits its headquarters are in Atlanta, Georgia, and admits it maintains a base of operations at the SeaTac airport in SeaTac, Washington. As to the remaining allegations, Defendant denies.

11.      Paragraph 11 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant does not dispute it is a common carrier by air within the meaning of Section 201 of the RLA.

12.      Paragraph 12 is a legal conclusion to which no response is required by Defendant. To

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 2
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

the extent a response is required, upon information and belief, Defendant does not dispute it is an employer within the meaning of Title VII (42 U.S.C. § 2000e(b)).

13. Answering Paragraph 13, Defendant admits.

14. Paragraph 14 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, upon information and belief, Defendant does not dispute it is an employer within the meaning of the WLAD (RCW 49.60.040(11)).

15. Paragraph 15 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, upon information and belief, Defendant does not dispute it is an employer within the meaning of Washington's Silenced No More Act (RCW 49.44.211).

## IV. FACTS

16. Answering Paragraph 16, Defendant admits it currently employs approximately 28,000 flight attendants and that they are not currently represented by a labor union. Defendant admits the majority of its employees are not represented by a labor union. As to the remaining allegations, Defendant denies.

17. Answering Paragraph 17, Defendant denies.

18. Answering Paragraph 18, Defendant denies.

19. Answering Paragraph 19, Defendant admits that on or around November 2022, certain Delta staff engaged in a coordinated campaign to organize. As to the remaining allegations, Defendant denies.

20. Answering Paragraph 20, Defendant denies.

21. Answering Paragraph 21, Defendant admits it extended an offer of employment to Plaintiff conditioned upon successful completion of flight attendant training in 2023 but is without sufficient knowledge to admit or deny the exact date Delta extended its offer of employment to Plaintiff, and therefore denies the same.

22. Answering Paragraph 22, Defendant admits.

23. Answering Paragraph 23, Defendant denies.

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 3
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

24. Answering Paragraph 24, Defendant denies.

25. Answering Paragraph 25, Defendant denies.

26. Answering Paragraph 26, Defendant admits Plaintiff graduated from Delta's flight attendant training program on June 9, 2023. Defendant admits flight attendant Matthew Miller made a brief speech at the graduation ceremony. As to the remaining allegations, Defendant denies.

27. Answering Paragraph 27, Defendant admits Miller is a flight attendant and briefly addressed the training class graduates. As to the remaining allegations, Defendant denies.

28. Answering Paragraph 28, upon information and belief, Defendant admits Miller performed a brief uniform inspection for Plaintiff. As to the remaining allegations, Defendant denies.

29. Answering Paragraph 29, Defendant denies.

30. Answering Paragraph 30, Defendant is without sufficient information to admit or deny the allegations, and therefore denies the same.

31. Answering Paragraph 31, Defendant denies.

32. Answering Paragraph 32, Defendant admits Plaintiff failed to promptly report the alleged conduct to Defendant but is without sufficient information to admit or deny the reasons Plaintiff failed to report the behavior to Defendant, and therefore denies the same. As to the remaining allegations, Defendant denies.

33. Answering Paragraph 33, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies the same.

34. Answering Paragraph 34, Defendant denies.

35. Answering Paragraph 35, Defendant admits CEO Ed Bastian gave a speech at a Delta-sponsored event in Los Angeles, California in October 2023 and that Plaintiff asked a question about joint ventures. As to the remaining allegations, Defendant denies.

36. Answering Paragraph 36, Defendant admits Plaintiff posted messages or comments on Delta's internal communications platform, SkyHub. As to the remaining allegations, Defendant

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 4
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

denies.

37. Answering Paragraph 37, upon information and belief, Defendant admits Plaintiff posted a comment on SkyHub around December 2023 containing information that was not factually accurate. Defendant admits it removed the post as it violated the Company's policies. As to the remaining allegations, Defendant denies.

38. Answering Paragraph 38, Defendant admits Dykehouse called Plaintiff in December 2023 to discuss the reasons Delta removed his SkyHub post. Defendant admits Plaintiff informed Dykehouse he was on vacation and affirmatively asserts Dykehouse apologized and offered to reschedule the call, but Plaintiff advised he wanted to continue the conversation. Defendant admits Dykehouse denied Delta sent shabbier aircraft on its South American routes and affirmatively asserts Dykehouse provided examples disproving Plaintiff's unsupported assertion. As to the remaining allegations, Defendant denies.

39. Answering Paragraph 39, Defendant is without information sufficient to admit or deny the allegations, and therefore denies the same.

40. Answering Paragraph 40, Defendant admits Dykehouse and Plaintiff discussed Plaintiff's attendance record in the SeaTac lounge on or around March 14, 2024, including clarifying which instances were excused and which were not. As to the remaining allegations, Defendant denies.

41. Answering Paragraph 41, Defendant admits Dykehouse and Plaintiff discussed Plaintiff's removed SkyHub post on March 14, 2024. As to the remaining allegations, Defendant denies.

42. Answering Paragraph 42, Defendant admits that Plaintiff posted comments on a Facebook group called The Aft-Galley but is without sufficient information to admit or deny the exact date Plaintiff posted his comments, and therefore denies the same. Defendant is without sufficient information to admit or deny the privacy-settings of The Aft-Galley Facebook page or the individuals who are part of The Aft-Galley group, and therefore denies the same.

DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 5
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

43. Answering Paragraph 43, Defendant admits that an individual posted the quoted content but denies that "One Delta" is shorthand for any anti-union campaign. Defendant is without information sufficient to admit or deny the "implication" of the posts, and therefore denies the same. As to the remaining allegations, Defendant denies.

44. Answering Paragraph 44, Defendant admits that Plaintiff posted the quoted content but is without information sufficient to admit or deny what Plaintiff's comment was in reference to, and therefore, denies the same.

45. Answering Paragraph 45, Defendant admits an individual posted the quoted content. Defendant is without information sufficient to admit or deny the remaining allegations, and therefore denies the same.

46. Answering Paragraph 46, Defendant denies.

47. Answering Paragraph 47, Defendant admits an un-identified individual posted a message regarding Matthew Miller but denies the post states Miller "controls access to the safety video opportunities." As to the remaining allegations, Defendant denies.

48. Answering Paragraph 48, Defendant admits Plaintiff posted the quoted content.

49. Answering Paragraph 49, Defendant admits Plaintiff posted certain comments under an alias, Carson Hayes, but is without sufficient information to admit or deny Plaintiff's reasons for posting under an alias. Defendant denies it retaliated against Plaintiff in any manner.

50. Answering Paragraph 50, Defendant is without information sufficient to admit or deny the allegations contained therein, and therefore denies the same.

51. Answering Paragraph 51, Defendant admits Plaintiff posted on SkyHub but is without sufficient information to admit or deny the exact date of the SkyHub post. As to the remaining allegations, Defendant denies.

52. Answering Paragraph 52, Defendant admits Plaintiff posted the quoted content on SkyHub and affirmatively asserts the post was flagged as potentially in violation of Company policies.

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 6
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

53. Answering Paragraph 53, Defendant denies.

54. Answering Paragraph 54, Defendant admits Bligh-Jones and Park met with Plaintiff on or around May 17, 2024 and that Plaintiff's Aft-Galley and SkyHub posts were discussed. As to the remaining allegations, Defendant denies.

55. Answering Paragraph 55, Defendant admits it placed Plaintiff on unpaid suspension while Delta investigated whether Plaintiff's comments violated Company policy. Defendant further admits it advised Plaintiff it would investigate Plaintiff's harassment allegations. As to the remaining allegations, Defendant denies.

56. Answering Paragraph 56, Defendant admits it removed Plaintiff from flying duties, including a trip that day to Seoul, South Korea. As to the remaining allegations, Defendant denies.

57. Answering Paragraph 57, Defendant admits Bligh-Jones advised Plaintiff his harassment allegations would be investigated and evaluated separately from the investigation into Plaintiff's social media posts. As to the remaining allegations, Defendant denies.

58. Answering Paragraph 58, Defendant admits Morrison and Park spoke to Plaintiff regarding his harassment allegations but denies Morrison and Park were the only Delta employees involved in investigating Plaintiff's harassment allegations. As to the remaining allegations, Defendant denies.

59. Answering Paragraph 59, Defendant admits Morrison and Park spoke with Plaintiff regarding his allegations of harassment but is without sufficient information to admit or deny exactly how long such discussion occurred. As to the remaining allegations, Defendant denies.

60. Answering Paragraph 60, Defendant denies.

61. Answering Paragraph 61, Defendant denies Miller sexually harassed Plaintiff and denies that it did not take any action in response to Nejat's report.

62. Answering Paragraph 62, Defendant admits it suspended Plaintiff's employment pending investigation of his social media posts that violated Company policies. As to the remaining allegations, Defendant denies.

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 7
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

63. Answering Paragraph 63, Defendant denies.

64. Answering Paragraph 64, Defendant denies.

## V.  FIRST CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE RAILWAY LABOR ACT

65. Defendant incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

66. Paragraph 66 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant does not dispute it is a common carrier by air within the meaning of Section 201 of the RLA.

67. Paragraph 67 is a summary of the RLA and does not require a response by Defendant. To the extent a response if required, Defendant denies it acted unlawfully in any manner.

68. Paragraph 68 is a summary of the RLA and does not require a response by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

69. Answering Paragraph 69, Defendant denies.

70. Answering Paragraph 70, Defendant denies.

71. Answering Paragraph 71, Defendant denies.

72. Answering Paragraph 72, Defendant denies.

73. Answering Paragraph 73, Defendant denies.

74. Answering Paragraph 74, Defendant denies.

75. Answering Paragraph 75, Defendant denies.

76. Answering Paragraph 76, Defendant denies it acted unlawfully in any manner and denies Plaintiff is entitled to any requested relief.

## VI.  SECOND CAUSE OF ACTION
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

77. Defendant incorporates by reference its answers to all preceding paragraphs as if fully

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 8
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

set forth herein.

78. Paragraph 78 is a summary of Title VII of the Civil Rights Act of 1964 and does not require a response by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

79. Paragraph 79 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

80. Paragraph 80 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

81. Answering Paragraph 81, Defendant denies.

82. Answering Paragraph 82, Defendant denies.

83. Answering Paragraph 83, Defendant denies.

84. Answering Paragraph 84, Defendant denies.

85. Answering Paragraph 85, Defendant denies.

86. Answering Paragraph 86, Defendant denies.

87. Answering Paragraph 87, Defendant denies it acted unlawfully in any manner and denies Plaintiff is entitled to any requested relief.

88. Answering Paragraph 88, Defendant denies.

### VII. THIRD CAUSE OF ACTION
### RETALIATION FOR OPPOSING UNLAWFUL SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

89. Defendant incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

90. Paragraph 90 is a summary of Title VII of the Civil Rights Act of 1964 and does not require a response by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

91. Answering Paragraph 91, Defendant admits it investigated alleged conduct raised by

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 9
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Plaintiff but denies the allegations were substantiated. Defendant further admits Plaintiff posted messages on various social media platforms but denies such posts were made in good faith or contained accurate information. As to the remaining allegations, Defendant denies.

92. Answering Paragraph 92, Defendant denies.

93. Answering Paragraph 93, Defendant denies.

94. Answering Paragraph 94, Defendant denies it acted unlawfully in any manner and denies Plaintiff is entitled to any requested relief.

95. Answering Paragraph 95, Defendant denies.

## VIII. FOURTH CAUSE OF ACTION
## SEXUAL HARASSMENT IN VIOLATION OF WLAD

96. Defendant incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

97. Paragraph 97 is a summary of WLAD and does not require a response by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

98. Paragraph 98 is a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

99. Answering Paragraph 99, Defendant denies.

100. Answering Paragraph 100, Defendant denies.

101. Answering Paragraph 101, Defendant denies.

102. Answering Paragraph 102, Defendant denies.

103. Answering Paragraph 103, Defendant denies it acted unlawfully in any manner and denies Plaintiff is entitled to any requested relief.

//

//

//

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 10
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

## IX.  FOURTH[1] CAUSE OF ACTION
### RETALIATION FOR OPPOSING UNLAWFUL SEXUAL HARASSMENT IN VIOLATION OF WLAD

104. Defendant incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

105. Paragraph 105 is a summary of WLAD and does not require a response by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

106. Answering Paragraph 106, Defendant admits it investigated alleged conduct raised by Plaintiff but denies the allegations were substantiated. Defendant further admits Plaintiff posted messages on various social media platforms but denies such posts were made in good faith or contained accurate information. As to the remaining allegations, Defendant denies.

107. Answering Paragraph 107, Defendant denies.

108. Answering Paragraph 108, Defendant denies.

109. Answering Paragraph 109, Defendant denies it acted unlawfully in any manner and denies Plaintiff is entitled to any requested relief.

## X.  FIFTH CAUSE OF ACTION
### SILENCED NO MORE ACT

110. Defendant incorporates by reference its answers to all preceding paragraphs as if fully set forth herein.

111. Paragraph 111 is a summary of Washington's Silenced No More Act and does not require a response by Defendant. To the extent a response is required, Defendant denies it acted unlawfully in any manner.

112. Answering Paragraph 112, Defendant admits it investigated alleged conduct raised by Plaintiff but denies the allegations were substantiated. Defendant further admits Plaintiff posted messages on various social media platforms but denies such posts were made in good faith or contained accurate information. As to the remaining allegations, Defendant denies.

---

[1] Plaintiff's Complaint alleges two "Fourth" causes of action.

DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 11
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

113. Answering Paragraph 113, Defendant is without sufficient information to admit or deny the allegations contained therein, and therefore denies.

114. Answering Paragraph 114, Defendant denies.

115. Answering Paragraph 115, Defendant denies.

116. Answering Paragraph 116, Defendant denies.

117. Answering Paragraph 117, Defendant denies.

118. Answering Paragraph 118, Defendant denies.

119. Answering Paragraph 119, Defendant denies.

120. Answering Paragraph 120, Defendant denies.

121. Answering Paragraph 121, Defendant denies it acted unlawfully in any manner and denies Plaintiff is entitled to any requested relief.

## XI.  PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the paragraph entitled "XI. Prayer for Relief," or any of the relief or damages sought in subparagraphs A. through I.

## **AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

Defendant asserts the following separately numbered defenses and affirmative defenses without assuming any burden of proof that it does not have as a matter of law:

1. Defendant denies all allegations not specifically admitted herein.

2. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted, or for which the damages sought may be awarded.

3. Plaintiff's requests for relief should be denied or limited because Defendant's actions were in good faith and based on legitimate, non-discriminatory and non-retaliatory factors unrelated to any unlawful purpose or bias.

4. Any and all actions Defendant took with respect to Plaintiff's employment were for legitimate, non-discriminatory, non-retaliatory reasons and were taken for good cause in the good-

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 12
CASE NO. 2:24-CV-01554-BJR

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

faith exercise of Defendant's reasonable business judgment.

5. Defendant had in place (and has at all times relevant to this action) clear and well-disseminated policies against discrimination, harassment, and retaliation, and a reasonable and available procedure for handling complaints thereof, which provide for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided, or to avoid harm otherwise, Plaintiff's claims are barred.

6. Defendant took prompt, effective remedial action in response to any allegations of harassment, discrimination, and/or retaliation.

7. Defendant exercised reasonable care to prevent and correct alleged harassing behavior.

8. Plaintiff's claims are barred to the extent that he has failed in whole or in part to mitigate damages allegedly sustained as a result of conduct by Defendant.

9. Plaintiff's claims against Defendant are barred by the applicable statutes of limitations or timeliness provisions and/or the doctrine of laches.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

11. Defendant alleges that if Plaintiff suffered any emotional distress (Defendant denies that Plaintiff suffered any such distress), Plaintiff's emotional distress was proximately caused by factors other than Plaintiff's employment, and any remedy to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

12. Defendant alleges that Plaintiff is barred from bringing any and all claims against Defendant by the doctrine of unclean hands and by the doctrine of after-acquired evidence.

13. Defendant alleges that unlawful or other wrongful acts, if any, taken by any of the employees of Defendant were outside the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know, nor should it have known of such conduct.

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 13
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

14.     Defendant asserts that Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies before the EEOC.

15.     Plaintiff's claims fail, in whole or in part, because Plaintiff lacks standing to bring a claim against Defendant.

16.     Plaintiff's termination was justified by the circumstances and was in no way due to Plaintiff's alleged support for, or desire to obtain representation by, a labor organization.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further defenses and affirmative defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of its investigation and study.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court:

a.   Dismiss Plaintiff's Complaint in its entirety;

b.   Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

c.   Award Defendant reasonable attorneys' fees and costs incurred in defending this action; and

d.   Grant such other and further relief as the Court may deem just and proper.

//
//
//
//
//
//

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 14
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1  Dated: November 26, 2024

2
        <u>s/Breanne F. Lynch</u>
3
        Breanne F. Lynch, WSBA #55242
        blynch@littler.com
4
        LITTLER MENDELSON, P.C.
        One Union Square
5
        600 University Street, Suite 3200
        Seattle, WA 98101.3122
6
        Telephone: 206.623.3300
        Facsimile: 206.447.6965

7

8  Kyllan Kershaw, admitted *pro hac vice*
   kkershaw@littler.com
   LITTLER MENDELSON, P.C.
9  3424 Peachtree Road NE
   Suite 1200, Monarch Tower
10 Atlanta, GA 30326

11 Attorneys for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S ANSWER, AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 15
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on November 26, 2024, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

**Attorneys for Plaintiff**

Kathleen Phair Barnard, WSBA #17896
Darin M. Dalmat, WSBA #51384
Marina Multhaup, WSBA #58877
Barnard Iglitzin & Lavitt LLP
18 W. Mercer St., Suite 400
Seattle, WA 98119
Tel: 206-257-6002
Fax: 206-378-4132
barnard@workerlaw.com
dalmat@workerlaw.com
multhaup@workerlaw.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Dated November 26, 2024.

*s/ Karen Fiumano Yun*
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT - 16
CASE NO. 2:24-CV-01554-BJR

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300